Daniel, J.
The legal title to the land mentioned in the bill was in Daniel Fisher and his brother. The bond given to Linch to make title when the purchase money was paid transferred nothing at law, it only gave the complainant Linch an equitable title when the money was paid. The ji. fa. which issued from Salisbury Superior Court for the costs, in consequence of the Fishers having been nonsuited in their action against Gibson, legally covered the land. The sale and deed made by the Sheriff on the J 6th of February 1806, to Gibson, transferred all right, title, and interest, which the. Fishers had in the lands. The cross bill brought by B. Fisher and others, against Gibson and Linch, must be dismissed as they have no title either in law or equity.
In the other case, I am of opinion, as Gibson purchased the land with full notice of the complainant’s equity, he is not put in any better situation than the Fishers would have been, provided the execution and sale had not been jnade; therefore he should be decreed to convey to Lincty en the payment 6f the money mentioned in the bund*